## STATE COURT OF APPEALS—Continued

### No. 803
### HANNA v. STOLL

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5206.   Decided Sept. 15, 1924

**PERSONAL INJURIES—1. Verdict held not manifestly against weight of evidence.**

**PLEADINGS—2. Ordinances must be pleaded in petition or answer or the party attempting to use the same cannot avail himself of same during trial without amending petition.**

**CHARGE OF COURT—3. Duty rests on counsel to apprise court of omissions or party cannot avail himself of error later.**

PER CURIAM.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action for personal injuries brought by one Stoll against one Hnna, resulting from an accident which occurred at the intersection of Nicholson Avenue and Clifton Boulevard in Lakewood, Ohio. Stoll alleged certain acts of negligence against Hanna, who was the owner of a bus, which at the time alleged was running between suburban towns west of the city of Cleveland. At the trial, the court refused to permit the defendant to offer in evidence certain city ordinances which the defendant claimed that the plaintiff had violated, these ordinances having not been pleaded in the answer. The evidence disclosed that the plaintiff was a practicing physician, earning a fairly large income and that his injuries seriously handicapped him in the following of his profession. The jury returned a verdict for the plaintiff in the sum of $13,000. The defendant prosecuted error. The principal errors complained of were: that the verdict was manifestly against the weight of the evidence and excessive; that the court committed error in refusing to admit certain ordinances in evidence; and that the court's charge was defective in that it did not cover all of the issues of the case. In sustaining the judgment of the lower court, the Court of Appeals held:

1. It cannot be said that the verdict was excessive or manifestly against the weight of the evidence.

2. If the plaintiff or the defendant relies upon the violation of an ordinance of a city as grounds to recover, he must plead the ordinance, otherwise it is not admissible.

3. Where it is claimed that the court committed an error of omission, the duty devolves upon counsel in the case to call the Court's attention to the mistake and omission, so that

the court can correct it, and failure to do so amounts to a waiver of this defect.

Attorneys—Rothenberg, McMorris & Smith, for Hanna; Anderson & Lamb, and J. J. Tetlow, for Stoll.